Defendant Harvey Jones has appealed from an order of the Lorain County Common Pleas Court that designated him a sexual predator. This Court affirms.
 I.
On December 11, 1990, Defendant was indicted by the Lorain County Grand Jury on three counts of rape. On April 23, 1991, Defendant entered a plea of guilty to all three counts, and the trial court ordered a presentence investigation report. On July 2, 1991, the trial court sentenced Defendant to a term of six to twenty-five years on each count, to be served consecutively.
Pursuant to R.C. 2950.09, the trial court held a hearing on April 28, 2000 to determine whether Defendant should be classified as a sexual predator. At the hearing, Defendant objected to the constitutionality of R.C. 2950.09. On June 13, 2000, the trial court determined by clear and convincing evidence that Defendant should be classified as a sexual predator. Defendant timely appealed, asserting two assignments of error.
 II. Assignment of Error Number One
 The trial court erred when it failed to find [R.C. 2950.09] unconstitutional under the United States Constitution and the state of Ohio Constitution.
In his first assignment of error, Defendant has argued that R.C. 2950.09
is unconstitutional under the Ohio and United States Constitutions. Defendant has asserted that the statute violates the retroactive and ExPost Facto Clause, his right to privacy, the Double Jeopardy Clause, the Equal Protection Clause, and that the statute constitutes cruel and unusual punishment. This Court will address each of Defendant's arguments in turn.
 A. Retroactive and Ex Post Facto Clause
Defendant has argued that the registration and notification provisions of R.C. 2950.09, as applied to those who were convicted of sexually oriented offenses prior to the enactment of the statute, affect substantive rights and constitute additional punishment for past transgressions. Defendant, therefore, has argued that the statute violates both constitutional provisions against the passage of retroactive and ex post facto laws. This Court has previously held that R.C. 2950.09 does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. State v. Kimble
(Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, at 11-12. Accordingly, his argument is not well taken.
 B. Right to Privacy
Next, Defendant has argued that the sexual predator classification and community notification provisions unconstitutionally violate his fundamental right to privacy and improperly infringe upon his right to travel and freedom of association. This Court has previously held that R.C. 2950.09 does not violate these constitutional rights. State v.Gropp (Apr. 28, 1998), Lorain App. No. 97CA006744, unreported, at 15-16. Therefore, Defendant's argument is overruled.
 C. Double Jeopardy
Third, Defendant has argued that the application of the registration and notification requirements of R.C. 2950.09 to defendants convicted prior to its enactment creates additional or multiple punishments for individuals who have already once been in jeopardy. This Court has previously held that R.C. 2950.09 does not constitute punishment. Statev. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 17. R.C. 2950.09, therefore, does not violate the Double Jeopardy Clauses of either the United States Constitution or the Ohio Constitution. Statev. Lowe (Mar. 31, 1999), Summit App. No. 18793, unreported, at 3. Accordingly, Defendant's argument is overruled.
 D. Equal Protection
Defendant has also argued that R.C. 2950.09 violates the Equal Protection Clauses of the Ohio and United States Constitution because the statute impairs his fundamental right to liberty and places him in a suspect class. This Court has previously determined that R.C. 2950.09
does not violate the Equal Protection Clauses of the Ohio and United States Constitution. Gropp, supra, at 9-10. Therefore, Defendant's argument is without merit.
 E. Cruel and Usual Punishment
Finally, Defendant has argued that the registration and notification requirements constitute cruel and unusual punishment. This Court has already determined that requirements in R.C. 2950.20 are not cruel and unusual punishment. State v. Hodge (Oct. 18, 2000), Lorain App. No. 98CA007056, unreported, at 25. Accordingly, his argument is overruled.
 II. Assignment of Error Number Two
 The trial court erred to the prejudice of [Defendant] when it found [him] to be a sexual predator even though the State failed to show by clear and convincing evidence that [Defendant] was likely to engage in the future in one or more sexually oriented offenses.
In his second assignment of error, Defendant has asserted that the trial court erred when it designated him a sexual predator. Specifically, Defendant has asserted that the State failed to present clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order to adjudicate an offender as a sexual predator, the trial court must consider the above factors and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(B)(3).
In the case at bar, Defendant entered a guilty plea to three counts of rape in violation of R.C. 2907.02(A)(1)(b). Rape is a sexually oriented offense. R.C. 2950.01(D)(1). The only issue, therefore, is whether there was clear and convincing evidence that Defendant was likely to engage in the future in a sexually oriented offense.
The transcript of the hearing reveals that the trial court considered that Defendant sexually abused his stepdaughter over a period of time from age ten to age thirteen. The record indicates that the trial court also considered the presentence investigation report and records from the Grafton Correctional Institution, which are not part of the record on appeal. Pursuant to App.R. 9(B), Defendant bears the burden of providing the record necessary to determine the appeal. If the record is incomplete, the reviewing court must presume the regularity of the proceedings and affirm the decision of the trial court. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Because Defendant did not provide this Court with the presentence investigation report and the records from the Grafton Correctional Institutional, this Court must presume that the evidence supported the trial court's classification of Defendant as a sexual predator. Accordingly, his second assignment of error is overruled.
 III.
Defendant's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., BAIRD, J., CONCUR.